## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : : : : : | CASE NO. 3:21-CV-930 |
| Plaintiff, | : : | |
| v. | : : | |
| VINCENT K. MCMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON, | : : : | |
| Defendants, | : : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : | |
| Nominal Defendant. | : | JULY 7, 2021 |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 15 U.S.C. § 78aa(a), Nominal Defendant World Wrestling Entertainment, Inc. ("WWE") and Defendants Vincent K. McMahon, George A. Barrios, and Michelle D. Wilson (collectively, "Defendants") hereby remove the above-identified civil action (the "Action") that was filed in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford (the "State Court"). [1]

1.      Plaintiff City of Pontiac Police and Fire Retirement Systems ("Plaintiff" or "City of Pontiac") filed this shareholder derivative action against Defendants in State Court in a transparent and improper attempt to circumvent this Court's jurisdiction.  This Court currently has jurisdiction over five nearly identical shareholder derivative lawsuits against Defendants.

---

[1] Defendants file this Notice of Removal without waiving any right, defense, affirmative defense, or motion, including as to whether Plaintiff is entitled to any relief or damages described in the Complaint or to pursue this matter on behalf of the Nominal Defendant.

This Court has already dismissed three of those lawsuits without prejudice, reserving decision on whether to dismiss them with prejudice until it resolves pending motions to intervene filed by another shareholder.  Plaintiff subsequently filed this Action in State Court in an unreasonable and vexatious attempt to multiply the proceedings and evade this Court's jurisdiction.

2.      Removal of this Action is proper because this Court has original jurisdiction over the Action under 28 U.S.C. § 1441(a) since it necessarily raises a substantial and disputed federal question under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a).  Removal is also proper because this Court has supplemental jurisdiction over this Action under 28 U.S.C. § 1367.

## BACKGROUND

3.      This Action is one of six purported shareholder derivative lawsuit brought against Defendants based on substantially identical allegations.  The other five shareholder derivative lawsuits were either filed in or removed to this Court (the "Shareholder Derivative Lawsuits"). Each of the Shareholder Derivative Lawsuits is based on allegations made in a consolidated federal securities class action lawsuit pending in the Southern District of New York (the "Federal Securities Lawsuit").  All of these lawsuits allege that Defendants, who are current or former senior executives at WWE, violated the federal securities laws by disseminating the same false and misleading statements in filings with the Securities and Exchange Commission ("SEC") and other public disclosures relating to WWE's business dealings in Saudi Arabia.

## I.      The Federal Securities Lawsuit

4.      The Federal Securities Lawsuit alleged that the same Defendants named in this Action violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5.  *See City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't., Inc., et al.*, Case No. 20-cv-02031-JSR (S.D.N.Y.).  In November 2020, the parties

reached a settlement of the Federal Securities Lawsuit. The Court conditionally approved the settlement on March 7, 2021 and has scheduled a hearing to consider final approval of the settlement for June 30, 2021.

## II.     The Shareholder Derivative Lawsuits

### A.     *Merholz et al. v. McMahon et. al.*, No. 3:20-CV-00557-VAB ("*Merholz* I")

5.     On April 24, 2020, plaintiffs Ryan Merholz ("Merholz") and Melvyn Klein filed a shareholder derivative lawsuit in this Court against defendants, including the Defendants named in this Action, which was assigned to the Honorable Victor Bolden. The plaintiffs in *Merholz I* filed an amended complaint on June 19, 2020 and a second amended complaint on July 28, 2020. Based on substantially similar allegations, the *Merholz I* complaint asserted two of the same claims alleged in this Action—breach of fiduciary duty and unjust enrichment—as well as corporate waste and violations of the Exchange Act.

### B.     *Kooi v. McMahon et. al.*, No. 3:20-CV-00743-VAB ("*Kooi*")

6.     On May 7, 2020, plaintiff Daniel Kooi filed a shareholder derivative lawsuit in Connecticut state court against defendants, including the Defendants named in this Action. Defendants removed that action to this Court on June 1, 2020, and it was subsequently transferred to Judge Bolden as a related case. Although Kooi initially moved to remand the action, he subsequently withdrew that motion, and Judge Bolden has since denied it as moot. On July 3, 2020, Kooi filed an amended complaint. Based on substantially similar allegations, Kooi asserted two of the same claims alleged in this Action—breach of fiduciary duty and unjust enrichment.

C.      *Nordstrom v. McMahon et. al.*, No. 3:20-CV-00904-VAB ("*Nordstrom*")

7.      On June 2, 2020, plaintiff Rodney Nordstrom filed a shareholder derivative lawsuit in Connecticut state court against defendants, including the Defendants named in this Action.   Defendants removed that action to this Court on July 1, 2020, and it was also subsequently transferred to Judge Bolden as a related case.  Although Nordstrom initially moved to remand the action, he subsequently withdrew that motion, and Judge Bolden has since denied it as moot.  On August 14, 2020, Nordstrom filed an amended complaint.  Based on substantially similar allegations, Nordstrom asserted two of the same claims alleged in this Action—breach of fiduciary duty and unjust enrichment—as well as a corporate waste claim.

D.      **Judge Bolden's Ruling on Defendants' Motion to Dismiss**

8.      On August 28, 2020, Defendants moved to dismiss all of the claims in the *Merholz I*, *Kooi*, and *Nordstrom* lawsuits.   On November 6, 2020, Judge Bolden granted Defendants' motion to dismiss those three lawsuits without prejudice and reserved decision on whether to dismiss them with prejudice pending resolution of motions to intervene filed by another purported shareholder named Dennis Palkon ("Palkon").   *See Merholz v. McMahon*, Nos. 3:20-CV-00557-VAB, 3:20-CV-00743-VAB, 3:20-CV-00904-VAB, 2020 WL 6546007, at *13 (D. Conn. Nov. 6, 2020) ("All three lawsuits fail to satisfy the demand futility standard.  The *Merholz* lawsuit additionally fails for lack of standing.  Because of the pending motions to intervene filed by Dennis Palkon, the Court will await resolution of that motion and its underlying claims before deciding whether the dismissal of these three cases are with prejudice or conceivably can be remedied by seeking leave to file an amended pleading.").  As of this date, the Court's decisions on Palkon's motions to intervene and whether to dismiss the pending lawsuits with prejudice remain pending.

-4-

9.      On November 20, 2020, plaintiff Merholz opposed Palkon's motion to intervene in *Merholz I* and requested that the Court permit him to amend his complaint for a third time. (Case No. 3:20-cv-00557-VAB, ECF No. 90 at 7.)  Judge Bolden has not yet ruled on Merholz's request.

E.      ***Merholz et al. v. McMahon et. al.*, No. 3:20-CV-00789-VAB (“*Merholz II*”)**

10.      Although plaintiff Merholz's case before this Court remains pending, on June May 13, 2021, he and another purported shareholder named Nicholas Jimenez filed another shareholder derivative action in Connecticut state court against defendants including the Defendants named in this Action.  On June 9, 2021, Defendants timely removed that action to this Court, and it was initially assigned to the Honorable Janet Bond Arterton.  On June 17, 2021, Defendants moved to transfer *Merholz II* to Judge Bolden as a related case.  Based on substantially similar allegations, the complaint in *Merholz II* asserted two of the same claims alleged in this Action—breach of fiduciary duty and unjust enrichment—as well as a corporate waste claim.  On June 16, 2020, Defendants moved to dismiss the complaint in *Merholz II*.

F.      ***Rezendes* v. McMahon, Case No. 3:21-cv-00793-RNC (“*Rezendes*”)**

11.      On June 10, 2021, plaintiff Jesse Rezendes filed another shareholder derivative lawsuit in this Court against the same Defendants named in this Action, which was assigned to the Honorable Robert Chatigny.  Based on substantially similar allegations, Rezendes asserted two of the same claims alleged in this Action—breach of fiduciary duty and unjust enrichment—as well as a corporate waste claim.

G.      **The Instant Action**

On June 7, 2021, Plaintiff City of Pontiac—represented by the same counsel who filed the *Merholz I* and *Merholz II* cases—filed this Action in the State Court.  On June 14, 2021,

Defendants accepted service of a copy of the Summons and Complaint.  Based on allegations that are substantially similar to those in the Federal Securities Action and the other Shareholder Derivative Lawsuits, the Complaint purports to allege four counts against Defendants—breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and indemnification and contribution.  Defendants now remove this Action to this Court.

## GROUNDS FOR REMOVAL

12.    This Action is properly removed because (i) the Court has federal question jurisdiction over the Action under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a); and (ii) the Court has supplemental jurisdiction over the action under 15 U.S.C. § 78aa(a).

## I.    Federal Question Jurisdiction

### A.    Standards for Federal Question Jurisdiction

13.    "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district" where the action is pending.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over any civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

14.    The Supreme Court has held that federal question jurisdiction under 28 U.S.C. § 1331 applies when "a state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue, Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

15.    Federal courts "shall have exclusive jurisdiction of violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought

to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa(a). The Supreme Court has held that federal jurisdiction extends to cases "arising under" the Exchange Act. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning,* 136 S. Ct. 1562, 1567 (2016). Accordingly, courts may exercise federal question jurisdiction over cases "in which a state-law cause of action is 'brought to enforce' a duty created by the Exchange Act because the claim's very success depends on giving effect to a federal requirement." *Id.* at 1570.

> **B.    This Action Necessarily Raises a Substantial and Disputed Federal Issue Over Which This Court May Exercise Jurisdiction**

16.     Under the test set forth by the United States Supreme Court in *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton,* 568 U.S. 251, 258 (2013). Each of these elements is present here.

> **1.    This Action Necessarily Raises Federal Issues**

17.     This Action necessarily raises a federal issue because it is premised on allegations that Defendants violated the federal securities laws. *See NASDAQ OMX Group, Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1021-22 (2d Cir. 2014) (finding that action alleging state law contract and tort claims was removable because it "necessarily raises disputed issues of federal securities law"); *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 101–02 (2d Cir. 2001) ("[A]n examination of the allegations contained in the complaint establishes that [plaintiff's] suit is rooted in violations of federal law, which favors a finding that federal question jurisdiction exists.") (internal quotation marks and citation omitted).

18.     The Complaint in this Action expressly relies on the allegations in the Federal Securities Lawsuit that Defendants committed "violations of the federal securities laws," including Sections 10(b) and 20(a) of the Exchange Act, as the basis for their claims in this action.  (Compl. ¶¶ 7-9, 48-50, 53, 72-73.)  Indeed, Plaintiff's claims in the Complaint expressly depend on whether "WWE is ultimately found liable for violating the federal securities laws." (*Id.* ¶¶ 72-73.)  Plaintiff alleges that Defendants failed to "disclose material information and/or made material misrepresentations to shareholders regarding the Company's media rights partnerships in the MENA region and its prospects for revenue growth" in SEC filings and other public disclosures for the purpose of artificially inflating the price of WWE securities.  (*Id.* ¶ 62; *see* ¶¶ 3-5, 25-41, 45, 48-50, 57.)  Plaintiffs' allegations of damages are based on the decline in WWE's stock price when the information allegedly omitted from its SEC filings and public statements was subsequently disclosed.  (*Id.* ¶¶ 6, 26, 39.)

19.     Plaintiff's claims are directly tied to and necessarily depend upon alleged violations of the federal securities laws, including Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.  *See* 15 U.S.C. § 78j(b); C.F.R. § 240.10b-5 (providing that it is unlawful, in connection with the purchase or sale of any security, to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading").  Accordingly, the Complaint necessarily raises a federal issue.

### 2.     The Federal Issues Are Disputed

20.     The allegations of the Complaint related to the federal securities laws are central to Plaintiffs' claims, and Defendants vigorously dispute them.

### 3. The Federal Issues Are Substantial

21.     A federal question is "substantial" if it implicates "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. The substantiality inquiry under *Grable* looks "to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

22.     There is a substantial federal interest in the regulation of securities markets and in addressing alleged violations of the securities laws. *See Merrill Lynch,* 547 U.S. at 78 ("The magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated."); *D'Alessio*, 258 F.3d at 100 (stating that the "interpretation and application of the federal securities laws" and related statutory and regulatory requirements are "areas of undisputed strong federal interest"). Indeed, Congress has determined that compliance with the duties or obligations created under the federal securities laws and related liability for making false or misleading statements in connection with the purchase or sale of securities under the Exchange Act are important federal interests that should be vindicated exclusively in federal courts. *See* 15 U.S.C. § 78aa(a) (providing federal courts with "exclusive jurisdiction of violations of [Exchange Act] or the rules and regulations thereunder" and all actions "brought to enforce any liability or duty created by [Exchange Act] or the rules and regulations thereunder").

23.     Moreover, the federal question in this case is substantial because it plays a central role in the resolution of Plaintiff's state law claims. The claims asserted in the Complaint and Plaintiffs' alleged damages depend on whether Defendants made false and misleading statements in SEC filings and public disclosures—issues addressed by Section 10(b) and Rule 10b-5 of the Exchange Act. The federal question in this case is also substantial because the same question is

presented in the Federal Securities Lawsuit and the other Shareholder Derivative Lawsuits currently pending before this Court.

### 4.      The Federal Forum May Entertain the Action

24.      This federal forum may entertain this Action without disturbing any congressionally-approved balance of federal and state judicial responsibilities.

25.      Litigation of this Action in a federal forum is consistent with the congressionally approved division of labor between federal and state courts because Congress has expressly determined that claims of securities laws violations and actions brought to enforce any liability or duty created by the Exchange Act should be heard exclusively in federal court.  *See* 15 U.S.C. § 78aa(a) (conferring exclusive jurisdiction over claims alleging violations of the Exchange Act on federal courts); *NASDAQ*, 770 F.3d at 1030 ("Far from threatening the federal-state balance envisioned by Congress in this area, the exercise of federal jurisdiction here comports with Congress's expressed preference for alleged violations of the Exchange Act, and of rules and regulations promulgated thereunder, to be litigated in a federal forum.").

26.      Federal courts also routinely handle shareholder derivative actions—particularly where the claims relate to violations of the federal securities laws—such that removal of this case will not upset any balance of interests between federal and state courts.  Indeed, the five other Shareholder Derivative Lawsuits are all pending before this Court and address the same issues raised in this Action.

## II.      Supplemental Jurisdiction

### A.      Standards for Supplemental Jurisdiction

27.      "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

28.     The Second Circuit has held that the existence of subject matter jurisdiction in one action can "provide supplemental jurisdiction over claims in a related action." *Actman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). "[D]isputes are part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'" *Id.* Disputes arise from a common nucleus of operative fact if "the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Id.* (quotation marks and ellipses omitted).

**B.     This Court Has Supplemental Jurisdiction Over this Action**

29.     This Court has supplemental jurisdiction over this Action under section 1367 because it is closely related to the other Shareholder Derivative Lawsuits over which this Court unquestionably has subject matter jurisdiction and has exercised jurisdiction.

30.     This Action and the other Shareholder Derivative Lawsuits share a "common nucleus of operative fact" because the facts underlying them substantially overlap. The plaintiffs in each case are purported WWE shareholders who seek to assert claims derivatively on behalf of the corporation. The individual defendants in each case are current or former WWE officers and/or directors. All cases assert essentially the same claims against the same defendants based on the same factual allegations. Moreover, adjudication of all actions by the same Court would serve the interests of judicial economy and efficiency, conserve judicial resources, reduce the burdens on the parties and the witnesses, and avoid the risk of inconsistent results. Accordingly, the Court can exercise supplemental jurisdiction over this Action.

## PROCEDURAL COMPLIANCE

31.      All procedural requirements for removal of this Action are satisfied.

32.      Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this district encompasses the State Court where the Action was filed.

33.      Defendants have attached all process, pleadings, and orders served by Plaintiff as Exhibit A and attached copies of all other papers filed in the State Court as Exhibit B.

34.      Removal is timely under 28 U.S.C. § 1446(b)(1) because this Action was removed within 30 days after Defendants accepted service of a copy of the Summons and Complaint on June 14, 2021.

35.      This Notice of Removal is filed on behalf of all Defendants in this Action who consent to the removal of this Action.

36.      Promptly after the filing of his Notice of Removal, Defendants will give written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the State Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, removal of this Action to this Court is proper and this case is hereby removed to this Court.

> DEFENDANTS, VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, and NOMINAL DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.
>
> By: _/s/ Jeffrey P. Mueller_
> Jeffrey P. Mueller (ct27870)
> DAY PITNEY LLP
> 242 Trumbull Street
> Hartford, CT 06103
> Phone: (860) 275-0100
> Fax: (860) 275-0343
> Email: jmueller@daypitney.com

Theodore V. Wells *(pro hac vice forthcoming)*
Daniel J. Kramer *(pro hac vice forthcoming)*
Richard C. Tarlowe *(pro hac vice forthcoming)*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: twells@paulweiss.com
Email: dkramer@paulweiss.com
Email: rtarlowe@paulweiss.com

Justin Anderson *(pro hac vice forthcoming)*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7300
Email: janderson@paulweiss.com

Matthew D. Stachel *(pro hac vice forthcoming)*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
500 Delaware Avenue, Suite 200
P.O. Box 32
Wilmington, DE 19899-0032
Telephone: (302) 655-4410
Fax: (302) 655-4420
Email: mstachel@paulweiss.com

Jerry S. McDevitt *(pro hac vice forthcoming)*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 7, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_/s/ Jeffrey P. Mueller_
Jeffrey P. Mueller (ct27870)